UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| HAKAM SINGH MISSON, an individual, and SIMRAT KAUR MISSON, an individual,<br><br>                          Plaintiffs,<br><br>    v.<br><br>ENRICO JOHN POLIMENO, et al.,<br><br>                          Defendants.<br>_____/ | No. C 12-6359 MEJ<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>**Re: Docket Nos. 18, 19, 22** |

## BACKGROUND

Plaintiffs Hakam Singh Misson and Simrat Kaur Misson filed this case on December 14, 2012, with 16 state law causes of action related to a real estate transaction in San Joaquin County, California. Dkt. No. 1. The Complaint centered upon Plaintiffs' allegations that Defendants Enrico John Polimeno, Kristie Polimeno, Lisa G. Beresford-Wood, Blake Rasmussen, Katy Laubach, 555 Carnegie Street, LLC, Diana Contreras, Old Republic Title Company, CB Richard Ellis, Inc., and Wildcat Metals, Inc. (collectively, "Defendants") fabricated a sham sale to avoid selling Plaintiffs the real property located at 551-555 Carnegie Street in Manteca, California. Plaintiffs alleged that diversity jurisdiction existed in this Court pursuant to 28 U.S.C. § 1332. However, as it appeared that Plaintiffs and all but one of the named Defendants are residents of California, the Court found it likely that diversity jurisdiction did not exist and therefore ordered Plaintiffs to show cause why the case should not be dismissed for lack of jurisdiction. Order to Show Cause, Dkt. No. 12. In response, Plaintiffs filed a First Amended Complaint ("FAC") on January 17, 2013, in which they allege federal question jurisdiction with the insertion of two claims under sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). Dkt. No. 13.

1  Defendants have now moved to dismiss Plaintiffs' FAC under Rules 12(b)(1) and 12(b)(6) of the
2  Federal Rules of Civil Procedure, arguing that Plaintiffs' RICO claims must fail, and that the Court
3  therefore lacks jurisdiction. Dkt. Nos. 18, 19, 22. Because the Court finds Defendants' 12(b)(6)
4  motions dispositive, it turns to them first.

**DISCUSSION**

**A.     Legal Standard**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue

prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**B.    Discussion**

Here, accepting Plaintiffs allegations as true and construing them in the light most favorable to them, the Court finds that Plaintiffs are unable to establish a RICO cause of action. Section 1962(c) of RICO states that: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). For a plaintiff to state a claim under § 1962(c), he or she must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008). "RICO is to be read broadly" and "liberally construed to effectuate its remedial purposes." *Sedima*, 473 U.S. at 497-98; *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007).

A "pattern" of racketeering activity requires at least two predicate acts. 18 U.S.C. §§ 1961(5), 1962(c). While two predicate acts are necessary to state a claim, they may not be sufficient; a plaintiff must "show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis in original). The Supreme Court explained this "continuity" requirement in *H.J. Inc. v. Northwestern Bell*:

> Continuity is both a closed and open ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.... A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long term criminal conduct.

*H.J. Inc.*, 492 U.S. at 241-42. "Thus, in order to allege open-ended continuity, a RICO plaintiff must charge a form of predicate misconduct that by its nature projects into the future with a threat of repetition." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (citations omitted). "Conversely,

an alleged series of related predicates not extending over a substantial period of time and not threatening future criminal conduct fails to charge closed-ended continuity." *Id.*

Here, Plaintiffs' RICO claims are related to a single real estate transaction, centering upon Plaintiffs' allegations that Defendants fabricated a sham sale to avoid selling Plaintiffs the real property located at 551-555 Carnegie Street in Manteca, California. Specifically, Plaintiffs allege that on July 9, 2012, Plaintiffs and Defendants Enrico John Polimeno, Kristie Polimeno, and Lisa Beresford-Wood entered into an agreement giving Plaintiffs the option to purchase the subject property for $1.7 million if those Defendants failed to sell the property to a third party by October 29, 2012. FAC ¶ 69. Plaintiffs allege that between July 9 and October 29, 2012, "defendants" devised a scheme to defraud Plaintiffs and deprive them of their opportunity to purchase the subject property, and that the Polimenos and Beresford-Wood sold the property to another party. FAC ¶¶ 69-83. However, even if the October 29 purchase was a sham, these facts do not establish a pattern of racketeering activity necessary for a RICO violation. In order to establish a pattern of racketeering, Plaintiffs must plead facts showing that at least two acts of racketeering activity occurred after the effective date of the RICO statute and the last of which must have occurred within 10 years of a prior act of racketeering activity. 18 U.S.C. §1961(5). "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long term criminal conduct." *H.J. Inc.*, 492 U.S. at 241-42. Accordingly, Plaintiffs' RICO claim under § 1962(c), which is based on a single transaction, must fail. Therefore, Plaintiffs' claim under § 1962(d) must also fail. *See Turner*, 362 F.3d at 1231 ("[b]ecause appellants failed to allege the requisite substantive elements of a RICO claim under 18 U.S.C. § 1962(c), appellants' claim under 18 U.S.C. § 1962(d), which makes it 'unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section,' also fails").

## CONCLUSION

Based on the above analysis, the Court GRANTS Defendants' motions to dismiss Plaintiffs' RICO causes of action. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to

4

amend "shall be freely given when justice so requires." However, leave to amend may be denied for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, leave to amend would be futile as Plaintiffs are unable to establish a RICO violation.

As to Plaintiffs' state law claims, a court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367. "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, having dismissed all of the federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Accordingly, the remaining claims are DISMISSED WITHOUT PREJUDICE to filing in the appropriate state court, with any applicable statute of limitations tied to the date of those claims which Plaintiffs brought in their original Complaint or FAC.

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 25, 2013

_____
Maria-Elena James
United States Magistrate Judge